| | |
|---|---|
| MARK and AMANDA LEONE, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>      v.<br><br>HOMESERVE USA CORP., HOMESERVE USA REPAIR MANAGEMENT CORP., HOMESERVE USA ENERGY SERVICES, LLC and SOUTH JERSEY GAS,<br><br>                        Defendants. | **FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1.      This is a class action, brought under New Jersey law, on behalf of a class composed exclusively of New Jersey citizens who, since October 3, 2013, received and paid a South Jersey Gas bill which billed the recipient for **"Plan(s) from HomeServe,"** even though the customers never executed any written agreement relating to the purchase of any HomeServe services.

2.      The premise of this case is simple. As related in greater detail herein, Defendant South Jersey Gas and Defendant HomeServe employ a policy in which certain South Jersey Gas customers have uniform language printed on their South Jersey Gas bills, charging them fees for purported repair service plans offered by HomeServe, an unlicensed and unregulated seller of appliance warranties and repair service plans.

3.      In most cases where this occurs, the South Jersey Gas customers who are billed for HomeServe plans on their South Jersey Gas bills have actually executed a written agreement to purchase and pay for a HomeServe plan.

4.      Unfortunately, however, this is not always the case.

5.    In the case of at least 100 South Jersey Gas customers, the customers have uniform language printed on their South Jersey Gas bills, charging them fees for purported repair service plans offered by HomeServe, even though the customer has never executed a written agreement to purchase, or pay for, a HomeServe plan.

6.    This practice is made worse by the fact that South Jersey Gas bills state on their face that the failure to pay the South Jersey Gas bill in full, including the fee for the HomeServe plan, may result in the termination of the customer's gas service.

7.    South Jersey Gas customers who complain about being billed for HomeServe plans which they never agreed to purchase are told by Defendants that they can "cancel" the HomeServe plan, but that they can only receive a partial refund of the amounts they have already been charged for that plan.

8.    This policy is ongoing and unlawful. Customers of South Jersey Gas have no legal obligation to pay – as part of the South Jersey Gas bill – charges for HomeServe service plans which they never agreed to purchase.

9.    Nor is it the obligation of South Jersey Gas customers to have to take affirmative action to "cancel" a service they never agreed to purchase in the first place.

10.    Nor does South Jersey Gas have any business placing language on South Jersey Gas bills which threatens customers with termination of their gas service for the failure to pay charges for HomeServe service plans; especially when the customer never agreed to pay for such plans anyway.

11.    The primary relief sought in this action is an order for injunctive relief, directing Defendant South Jersey Gas to end the unlawful practice of billing South Jersey Gas customers for HomeServe plans on their South Jersey Gas bills, when the customers have never executed

any written agreement to purchase a HomeServe plan.

12.     The action also seeks refunds of charges for HomeServe plans which were paid by such South Jersey Gas customers to date.

## JURISDICTION AND VENUE

13.     Jurisdiction over this matter in New Jersey Superior Court is proper in that all claims in this matter arise exclusively under New Jersey state law.

14.     This matter is properly venued in Gloucester County in that Plaintiffs reside in Gloucester County, Defendant South Jersey Gas sent the gas bills in question to Plaintiffs' home in Gloucester County, New Jersey, and Defendants conduct business in, inter alia, Gloucester County, New Jersey.

15.     There is no federal subject matter jurisdiction over this matter in that this action does not raise any federal claims; the total amount in controversy in this matter, including attorney's fees, is far less than $5 million, since the number of proposed class members appears to be between 100 and 200 persons; this matter raises claims exclusively under New Jersey law on behalf of a class composed exclusively of New Jersey citizens and at least one of the primary defendants is a New Jersey citizen.

## THE PARTIES

16.     Plaintiffs Mark and Amanda Leone are citizens of New Jersey and residents of Washington Township, Gloucester County, New Jersey, and are victims of the policies alleged herein, who received and paid several South Jersey Gas bills during the class period which purported to bill them for certain amounts for **"Plan(s) from HomeServe,"** despite the fact that Plaintiffs have never entered into any agreement to purchase or pay for any HomeServe services or plans.

17.     Defendant HomeServe USA Corp. is a for profit corporation with its headquarters and principle place of business located at 601 Merritt 7, 6th Floor, Norwalk, Connecticut, which conducts an unlicensed and unregulated business of selling what purport to be service and repair plans for household appliances, HVAC systems and plumbing systems.

18.     Defendant HomeServe USA Repair Management Corp. is a subsidiary of Defendant HomeServe USA Corp. and is a for profit corporation with its headquarters and principle place of business located at 601 Merritt 7, 6th Floor, Norwalk, Connecticut, which conducts an unlicensed and unregulated business of selling what purport to be service and repair plans for household appliances, HVAC systems and plumbing systems.

19.     HomeServe USA Energy Services, LLC is a subsidiary of Defendant HomeServe USA Corp. and is a for profit corporation with its headquarters and principle place of business located at 601 Merritt 7, 6th Floor, Norwalk, Connecticut, which conducts an unlicensed and unregulated business of selling what purport to be service and repair plans for household appliances, HVAC systems and plumbing systems.

20.     Together, Defendant HomeServe USA Corp., Defendant HomeServe USA Repair Management Corp. and Defendant HomeServe USA Energy Services, LLC, jointly market, administer and operate the business of selling what purport to be service and repair plans for household appliances, HVAC systems and plumbing systems and each jointly participates in the unlawful policy and practice alleged herein. Each such entity also holds themselves out to Plaintiffs, the class and the world at large as "HomeServe," thereby making it impossible for Plaintiffs and the class to know specifically which of these entities is taking any specific action regarding these plans and charges at any given time. These three entities are collectively referred to herein as "HomeServe."

21.    Defendant South Jersey Gas is a public utility corporation in the State of New Jersey engaged in the transmission, distribution, transportation, and sale of natural gas in Atlantic, Burlington, Camden, Cape May, Cumberland, Gloucester, and Salem Counties, but which also engages in unregulated activities outside the scope of the Board of Public Utilities or other governmental entities, such as billing customers on behalf of HomeServe – an unlicensed and unregulated entity – for what purport to be service and repair plans for household appliances, HVAC systems and plumbing systems.

## FACTS WHICH GIVE RISE TO THE CLASS CLAIMS

22.    Defendant HomeServe is a privately-held company which describes itself on its website as **"an independent provider of home repair service solutions."**

23.    HomeServe admits it is not an insurance company, but rather sells repair and service plans for, <u>inter alia</u>, household appliances, HVAC components and plumbing systems.

24.    HomeServe USA is not a public utility. Nor is its conduct licensed by the Board of Public Utilities or the Department of Insurance.

25.    HomeServe has been sued repeatedly in several states, including New Jersey, for selling repair and services plans to persons who do not need them and/or for which they are not eligible. Several of these suits have accused HomeServe of misleading marketing practices, such as deceptively marketing services by making it appear the service plans are being offered by local utility companies.

26.    None of these prior lawsuits have alleged that HomeServe was charging fees for HomeServe plans which the home owner never agreed to purchase and/or was using a utility company to issue bills which such charges. Thus, there have been no other class actions pending against any defendant which makes the same or similar allegations as are being made in the case

at bar.

27.    According to HomeServe's own website, it is not possible to become a HomeServe customer by oral agreement.

28.    Rather, per HomeServe's website, each bona fide customer of HomeServe must first enter into a written "Protection Plan" contract with HomeServe, either by physically signing a written HomeServe contract or by entering into such a written agreement online by "clicking" on a link which signifies acceptance of the terms and conditions of that agreement as set forth on the HomeServe website.

29.    Moreover, N.J. Admin. Code §13:45A-16.2 and §13:45A-16.1A would cover the sale of repair services and repair contracts of the type at issue in this case and would require all such contracts to be in writing.

30.    Beginning at a point prior to October 4, 2013, HomeServe entered into an agreement with Defendant South Jersey Gas under which South Jersey Gas agreed to act as billing agent for HomeServe and to place language on South Jersey Gas bills charging South Jersey Gas customers for purported HomeServe repair and service plans. See Attachment A, Sample Bill dated September 25, 2018 to Plaintiffs, listing in addition to charges for gas delivery and other related charges, a charge of $19.98 for what the South Jersey Gas bill described as **"Plan(s) from HomeServe"** and Attachment B, Sample Bill dated March 26, 2018 to Plaintiffs, listing in addition to charges for gas delivery and other related charges, a charge of $19.12 for what the South Jersey Gas bill described as **"Plan(s) from HomeServe."**

31.    This arrangement is advantageous to South Jersey Gas because South Jersey Gas receives payments from HomeServe, as well as a portion of the charges collected on all South Jersey Gas bills for **"Plan(s) from HomeServe."**

32.    This arrangement is also advantageous to HomeServe in that the South Jersey Gas bill lends its "clout" to HomeServe, with the South Jersey Gas bill stating that the failure to pay the entire bill in a timely fashion – including the HomeServe charges described above – can result in termination of a customer's gas service.

33.    This threat of the possible termination of gas service needed for cooking, heating and hot water purposes is a strong motivational factor in inducing South Jersey Gas customers to pay all charges listed on the South Jersey Gas bills; including HomeServe charges which have nothing to do with the delivery of gas.

34.    This threat gives leverage to Defendants to obtain payment of, _inter alia_, the HomeServe charges listed on the South Jersey Gas bills.

35.    This practice also creates a situation in which South Jersey Gas customers may not even notice that they are being billed for a HomeServe plan on their South Jersey Gas bill, because the charge for the HomeServe plan is simply listed on the South Jersey Gas bill as one itemized charge among a number of other itemized charges, in a manner that is unlikely to draw the attention of the bill's recipients.

36.    The foregoing arrangement between South Jersey Gas and HomeServe is legal, but only so long as the customer who is being billed on the South Jersey Gas bills for **"Plan(s) from HomeServe"** charges has actually entered into a binding agreement with HomeServe or South Jersey Gas to purchase one or more HomeServe repair/service plans.

37.    Otherwise, the arrangement between HomeServe and South Jersey Gas is an illegal "shakedown" in which South Jersey Gas customers are tricked and coerced into paying Defendants for HomeServe service plans they never agreed to purchase, backed by the threat of disruption of their gas service if they refuse or fail to pay such charges.

38.     In the vast majority of cases, the South Jersey Gas customers who receive South Jersey Gas bills charging them for HomeServe plans have actually executed a written agreement to purchase and pay for a HomeServe plan. Such persons are not members of the proposed class and this action dies not challenge the billing of such persons.

39.     Unfortunately, over 100 South Jersey Gas customers whose South Jersey Gas bills contain charges for **"Plan(s) from HomeServe"** have never actually entered into any written agreement with HomeServe – or anyone else – to purchase a HomeServe plan or any services from HomeServe.

40.     Rather, as a matter of uniform policy, Defendants unilaterally designate certain South Jersey Gas customers as HomeServe customers, despite the fact that Defendants do not have any written agreement executed by that customer in which the customer agrees to purchase any HomeServe plans or services.

41.     This is done according to some uniform criteria that has not thus far been revealed to Plaintiff and is currently known only to defendants.

42.     Under this practice, Defendants jointly charge such "customers" for HomeServe service plans which they have never agreed to purchase on their South Jersey Gas bills.

43.     South Jersey Gas is not an innocent victim of this "slamming" scheme.

44.     South Jersey Gas has been given actual notice by numerous South Jersey Gas customers over the last six years – including Plaintiffs – that a South Jersey Gas customer has received a South Jersey Gas bill which lists HomeServe charges, even though the customers have never agreed to purchase any HomeServe plans or services.

45.     Thus, South Jersey Gas is well aware of facts which would put any reasonable person on notice that South Jersey Gas bills are being used to bill South Jersey Gas customers for

HomeServe plans which they never agreed to purchase.

46.     Despite this, South Jersey Gas has not ended this practice.

47.     Accordingly, South Jersey Gas is a knowing and willing participant in this "slamming" scheme, because South Jersey Gas continues to allow its South Jersey Gas bills – and the threat set forth in such South Jersey Gas bills that non-payment may result in termination of gas service – to be used to carry out that scheme.

48.     South Jersey Gas is more than a partner in this scheme.

49.     The participation of South Jersey Gas, and the use of the South Jersey Gas bills, are absolutely essential to the slamming scheme alleged herein

50.     Without the use of South Jersey Gas bills, the slamming scheme described herein would not be able to function.

51.     If South Jersey Gas customers were to be billed directly by HomeServe for HomeServe plans which the customers never agreed to purchase, such customers would most likely recognize that they had no agreement with HomeServe and refuse to pay such HomeServe bills.

52.     But by burying the charges for a HomeServe plan amongst the numerous other itemized charges listed on the South Jersey Gas bill, defendants make it less likely that a South Jersey Gas customer will even realize that part of their gas bill is for a HomeServe plan they never agreed to purchase.

53.     Further, even if a South Jersey Gas customer realizes they are being billed for a HomeServe plan on their South Jersey Gas bill, South Jersey Gas customers still have no choice but to pay the bill because South Jersey Gas bills state on their face that the customer's gas service may be terminated if the bill is not paid in full.

54.     Finally, South Jersey Gas is the only defendant from whom Plaintiff and the class can obtain the primary relief sought in this case: an order for injunctive relief, directing Defendant South Jersey Gas to cease including charges for HomeServe plans on South Jersey Gas bills, unless the customer has actually executed a written agreement to purchase a HomeServe plan.

55.     This injunctive relief can only come from South Jersey Gas.

56.     South Jersey Gas has total control over what charges are listed on South Jersey Gas bills. Put simply, HomeServe charges cannot appear on South Jersey Gas bills unless South Jersey Gas places such charges on its bills.

57.     Thus, Defendant South Jersey Gas is a necessary, essential and primary defendant who must be joined in this matter under Fed.R.Civ.P. 19.

58.     Despite the foregoing, South Jersey Gas has not taken any action to halt this practice, even in the face of customer complaints.

59.     Rather, Defendants use customer complaints in order to give such customers the "run around."

60.     Specifically, when a South Jersey Gas customer complains to South Jersey Gas about being billed for a HomeServe service plan they never agreed to purchase, the standard response of South Jersey Gas is to tell the customers they must talk to HomeServe.

61.     Conversely, when a South Jersey Gas customer complains to HomeServe about being billed on their South Jersey Gas bill for a HomeServe service plan they never agreed to purchase, the response of HomeServe is to tell the customers to talk to South Jersey Gas.

62.     A South Jersey Gas customer who complains to both hat they are being billed for a HomeServe service plan which they never agreed to purchase are told by Defendants that they

may "cancel" the service plan, but that they will receive only a partial refund of amounts already paid for such service plan.

63.    In this way, Defendants try to improperly shift the burden onto victims of this unlawful "slamming" scheme to take affirmative action to stop the illegal charges and, even when they do, the victim does not get all of the improper charges back.

64.    The policy and scheme described herein is unquestionably unlawful.

65.    South Jersey Gas customers are not required to purchase HomeServe service or repair plans.

66.    Nor are South Jersey Gas customers required to pay charges for HomeServe plans which they have never agreed to purchase.

67.    Nor are South Jersey Gas customers required to take affirmative steps to "cancel" a HomeServe service plan which they never agreed to purchase in the first place.

68.    What happened to Plaintiffs illustrates the scheme and policy which is challenged in this Complaint.

69.    Plaintiffs have been South Jersey Gas customers since at least 2012.

70.    Starting several years ago, Plaintiffs began receiving South Jersey Gas bills which, in addition to other various charges, contained an itemized charge of less than $20.00 described only as **"Plan(s) from HomeServe."** See e.g. Attachments A and B.

71.    Plaintiffs have never entered into any sort of agreement with HomeServe to purchase any service or repair plan, or any type of product or service.

72.    For several years, however, Plaintiffs' South Jersey Gas bills contained charges for a HomeServe plan.

73.    Because the HomeServe charge was buried amongst several other itemized

charges listed on the bill, Plaintiffs never noticed the itemized charge of less than $20.00 on their South Jersey Gas bill which contained the description **"Plan(s) from HomeServe."**

74.    Nor did Plaintiffs understand what HomeServe was, or that HomeServe was an entity separate from South Jersey Gas.

75.    Rather, Plaintiffs reasonably viewed such charges as simply one of several itemized charges on their South Jersey Gas bill which they did not understand, and paid the South Jersey Gas without inquiring specifically as to the basis of this charge.

76.    In July of 2019, however, Plaintiffs received a packet of information in the mail from HomeServe, referring to a service plan, which contained a "declarations page" which listed Plaintiffs as beneficiaries of a HomeServe plan.

77.    Plaintiffs contacted HomeServe via telephone and indicated they did not understand why they had received the packet because they had never signed up for any HomeServe plan and had never executed any contract with HomeServe.

78.    Plaintiff also questioned why South Jersey Gas was billing them for such a plan.

79.    Plaintiffs were told by HomeServe that HomeServe did not have a copy of any contract executed by Plaintiffs and that Plaintiffs should contact South Jersey Gas.

80.    Plaintiffs then contacted South Jersey Gas and were informed that South Jersey Gas did not have a copy of any contract executed by Plaintiffs relating to any HomeServe plan.

81.    The South Jersey Gas customer service representative said that South Jersey Gas had no proof that Plaintiffs had enrolled in any HomeServe program. Nor could the South Jersey Gas customer service representative explain how the HomeServe plan was offered or if there was a contract or not.

82.    Plaintiffs then contacted HomeServe again, at which time Plaintiffs were offered a

partial refund that amounted to approximately 1/3 of the charges Plaintiffs had paid for the HomeServe plan(s), which Plaintiffs declined.

83.    Plaintiffs then spoke to several friends and family members and learned that they too were South Jersey Gas customers who were being billed on their South Jersey Gas bills for HomeServe plans they had never agreed to purchase.

84.    Thereafter, Defendant HomeServe sent an unsolicited check to Plaintiffs' home which amounted to a partial refund of the overcharges paid by Plaintiff to South Jersey Gas for supposed HomeServe plans.

85.    Plaintiffs declined to accept or cash that partial refund check.

86.    Instead, Plaintiffs have instituted this lawsuit in order to injunctive relief to stop the illegal practice described herein in the future and to obtain full refunds of the illegal overcharges for themselves and all class members.

87.    What happened to Plaintiffs was not a one-time incident, an accident or an oversight.

88.    Subsequent investigation has revealed that several other South Jersey Gas customers have complained to, inter alia, South Jersey Gas and HomeServe, about HomeServe charges on their South Jersey Gas bills, even though the customers have never entered into any written agreement with HomeServe to purchase any service or repair plans.

89.    The experiences of such persons mirrored Plaintiffs. They were told that Defendants had no proof that the customer ever executed a contract to purchase a HomeServe plan and were offered a partial – but not full – refund if they want to "cancel" this service.

90.    Given these prior complaints, there is no question that this is a knowing policy and common course of conduct on the part of Defendants.

91.    South Jersey Gas customers who have been victimized by this practice should not have to take affirmative action to "cancel" services they never agreed to buy.

92.    Nor should they be required to pay a penalty for the "cancellation" of a contract with HomeServe when they never entered into any such contract.

93.    The aim of this lawsuit is to end this practice now and to obtain full refunds for the class of charges for HomeServe plans they never agreed to purchase.

## CLASS ACTION ALLEGATIONS

94.    Plaintiffs bring this action as a class action pursuant to Rule 4:32, on behalf of themselves and all members of the following proposed class:

> **All those New Jersey citizens who paid a South Jersey Gas bill since October 3, 2019 which listed a charge for "Plan(s) from HomeServe" where Defendants cannot produce a written agreement executed by the customer agreeing to purchase a HomeServe plan.**

95.    The class is so numerous that joinder of all members is impracticable.

96.    The exact number and identities of the persons who fit within each proposed class are contained in Defendants' records and can be easily ascertained from those records.

97.    The proposed class consists of persons who are billed for natural gas by Defendant South Jersey Gas on a monthly basis. Thus, Defendant know the name and address of each person who is billed for a HomeServe plan on their South Jersey Gas bill.

98.    Moreover, for each such person, Defendants know whether or not Defendants possess a contract executed by that person, agreeing to purchase a HomeServe plan.

99.    The proposed class does not consist of all South Jersey Gas customers who are billed for HomeServe plans on their South Jersey Gas bills.

100.    Rather, the majority of South Jersey Gas customers who are billed for a HomeServe plan on their South Jersey Gas bill have executed a written agreement to purchase a

HomeServe plan. Such persons are excluded from the proposed class and this Complaint.

101.    Only a minority of those South Jersey Gas customers who are billed for a HomeServe plan on their South Jersey Gas bill have never executed a written agreement to purchase a HomeServe plan.

102.    At present, is appears that proposed class is composed of at least 100 persons and most likely less than 200 persons.

103.    Common questions of law and fact exist as to each class member.

104.    All claims in this action arise exclusively from uniform policies and procedures of Defendants as outlined herein.

105.    No violations alleged in this complaint are a result of any individualized oral communications or individualized interaction of any kind between class members and Defendants or anyone else.

106.    There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

a.    whether the class is entitled to injunctive relief in the form of an order directing Defendant South Jersey Gas to cease placing charges for HomeServe plans on South Jersey Gas bills unless the customer has executed a written agreement to purchase a HomeServe plan;

b.    whether the class is entitled to an order for injunctive relief, directing Defendants to send a court-approved notice to all class members, advising of the conduct alleged herein;

c.    whether the uniform policy alleged herein exists;

d.    whether that policy was a violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, et seq.; and

e.    whether the conduct of either or both Defendants was a violation of the New Truth in Consumer Contract Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-15 et seq.

107.    Plaintiffs are members of the class they seek to represent.

108.    The claims of Plaintiffs are not only typical of all class members, they are identical.

109.    All claims of Plaintiffs and the class arise from the same course of conduct, policy and procedures as outlined herein.

110.    All claims of Plaintiffs and the class are based on the exact same legal theories.

111.    Plaintiffs seek the same relief for themselves as for every other class member.

112.    Plaintiffs have no interest antagonistic to or in conflict with the class.

113.    Plaintiffs will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent themselves and the class.

114.    Defendants have acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

115.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would confront Defendants with incompatible standards of conduct.

116.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member are too low to make individual lawsuits economically feasible.

117.    Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### Uniform Declaratory Judgment Act, N.J.S.A. 2A:16-51, et seq.

118.    Plaintiffs incorporate all preceding paragraphs as though fully set forth at length

herein.

119.    Plaintiffs and the class need, and are entitled to, a declaration that Defendants'

billing policy as described herein is unlawful and that Defendants are barred by law from

charging class members fees for HomeServe service/repair plans when said class members have

never entered into any contract to purchase such HomeServe plans.

120.    Plaintiffs and the class members have a significant interest in this matter in that

each has been, or will be subjected to, the unlawful policies alleged herein.

121.    Indeed, Plaintiffs and the class are still natural gas customers of Defendant South

Jersey Gas. Thus, it is a certainty that they will certainly receive additional bills from South

Jersey Gas.

122.    Based on the foregoing, a justifiable controversy is presented in this case,

rendering declaratory judgment appropriate.

123.    In addition, because the unlawful uniform policy of Defendants is ongoing,

Plaintiffs and the class also need, and are entitled to, an order for equitable and injunctive relief,

barring Defendant South Jersey Gas from including charges for a HomeServe plan on any South

Jersey Gas bill, unless Defendants possess a written contract, executed by the customer, in which

that customer agrees to purchase and/or pay for one or more HomeServe service/repair plans.

### COUNT II

### Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq.

124.    Plaintiffs incorporate all preceding paragraphs of this complaint as if set forth

fully herein.

125.    Defendants' uniform policy as described herein is a sharp and unconscionable

commercial practice in the sale of service and repair plans for home appliances, HVAC and

plumbing systems in violation of N.J.S.A. § 56:8-2.

126.    As alleged herein, Defendants have engaged in deceptive conduct which creates a likelihood of confusion or misunderstanding.

127.    Such conduct is based on, inter alia, material nondisclosures and material omissions of facts known by Defendants.

128.    Defendants have acted with knowledge that their conduct was deceptive and unlawful with intent that such conduct deceive purchasers.

129.    Plaintiffs and the class members reasonably and justifiably expected Defendants to charge fees in compliance with applicable law and otherwise to act lawfully.

130.    As a proximate result of the unlawful conduct by Defendants, Plaintiffs and the class members have suffered an ascertainable loss of money and property.

## COUNT III

### Truth in Consumer Contract, Warranty and Notice Act,
### N.J.S.A. § 56:12-14, et seq.

131.    Plaintiffs incorporate all preceding paragraphs of this complaint as if set forth fully herein.

132.    Plaintiffs and the class members are "consumers" within the meaning of N.J.S.A. §§ 56:12-15 and 16.

133.    Defendant South Jersey Gas is a "seller" within the meaning of N.J.S.A. §§ 56:12-15 and 16.

134.    By the acts alleged herein, Defendant South Jersey Gas has violated N.J.S.A. § 56:12-16 because, in the course of its business, Defendant South Jersey Gas has caused consumer contracts, notices and other consumer documents to be offered to Plaintiffs and the class members, which contained provisions that violated their clearly established legal rights

under state law, within the meaning of N.J.S.A. § 56:12-15.

135.    Specifically, Defendant South Jersey Gas offered and caused to be offered to Plaintiffs and the class written South Jersey Gas bills which violate the clearly established rights of Plaintiffs and the class under N.J.S.A. § 56:8-2 of the New Jersey Consumer Fraud Act; a New Jersey statute which provides a right to be free of deceptive and unconscionable practices in the sale of goods and services.

136.    Plaintiffs and the class members seek an order for injunctive relief under TCCWNA pursuant to N.J.S.A. § 56:12-17, as described in detail herein, against Defendant South Jersey Gas.

137.    Due to the Defendants' conduct described herein, Plaintiffs and the class members have suffered actual damages.

138.    Pursuant to N.J.S.A. § 56:12-17, Plaintiffs also seek a statutory penalty of $100 for each class member, as well as actual damages and attorney's fees and costs.

## COUNT IV

### Unjust Enrichment/Disgorgement

139.    Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

140.    Plaintiffs bring, as an alternative theory of recovery, a claim for refunds on behalf of themselves and the class under a theory of unjust enrichment and/or disgorgement.

141.    By the acts alleged herein, Defendants each received a benefit from Plaintiffs and the class in the form of monies paid by Plaintiffs and the class to Defendants for HomeServe repair/service plans which they had not agreed to purchase.

142.    The retention of that benefit by Defendants would be unjust.

143.    By the facts alleged herein, equity demands that Defendants disgorge themselves of this benefit and that the unlawful portion of these fees be returned to Plaintiffs and the class.

## COUNT V

**Breach of Contract for Violation of the Implied Duty of Good Faith and Fair Dealing
Against Defendant South Jersey Gas Only**

144.    Plaintiffs incorporate all preceding paragraphs of this complaint as if set forth fully herein.

145.    There exists a contract between class members and Defendant South Jersey Gas relating to the sale and delivery of natural gas and related services.

146.    By operation of New Jersey law, there existed an implied duty of good faith and fair dealing in each such contract.

147.    By the acts alleged herein, Defendant South Jersey Gas has violated that duty of good faith and fair dealing, by directing class members to pay charges for services they never agreed to purchase and by threating to cut off gas service if said class members did not pay such unauthorized charges, thereby breaching the contract between Defendant South Jersey Gas and each class member.

148.    Specifically, it was a violation of the duty of good faith and fair dealing for Defendant South Jersey Gas to place itemized charges on its gas bills to the class relating to HomeServe plans, when South Jersey Gas had notice that HomeServe was billing persons who had never entered into express agreement with HomeServe to purchase such plans. This is particularly true given that there are statements on the South Jersey Gas bill which state that the failure to pay the bill in full can result in termination of gas service.

149.    As a result of this breach by South Jersey Gas, Plaintiffs and each class member have suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court to:

a.   Certify the case as a class action pursuant to Rule 4:32;

b.   Enter an order for injunctive and declaratory relief, enjoining Defendants' policy alleged herein, directing Defendants to send a court-approved form of notice to all class members advising them of the overcharges alleged herein, and establishing a court-administered program to provide refunds to all class members, with the Defendants being ordered to pay the costs associated with such a program;

c.   Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d.   Award Plaintiffs and the class members treble damages under the Consumer Fraud Act;

e.   Award Plaintiff and the class members a $100 per person statutory penalty under Truth in Consumer Contract, Warranty and Notice Act,

f.   Award Plaintiff reasonable attorneys' fees and costs; and

g.   Grant such other and further legal and equitable relief as the Court deems just and equitable.

## **JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that the Plaintiffs hereby demand a trial by jury as to all parties.

Dated:  January 23, 2020                      DeNITTIS OSEFCHEN PRINCE, P.C.

                                        BY: _____
                                        STEPHEN P. DENITTIS, ESQ. (SD-0016)
                                        JOSEPH A. OSEFCHEN, ESQ. (JO-5472)
                                        SHANE T. PRINCE, ESQ. (SP-0947)
                                        525 Route 73 North, Suite 410
                                        Marlton, NJ 08053
                                        T:  856-797-9951
                                        F:  856-797-9978
                                        sdenittis@denittislaw.com

josefchen@denittislaw.com
sprince@denittislaw.com

*Attorneys for Plaintiffs Mark and Amanda Leone
and the Proposed Class*

## CERTIFICATION PURSUANT TO RULE 4:5-1

To the best of Plaintiffs' knowledge, the matter in controversy is not related to any pending action. No arbitration proceeding is pending or contemplated. There are no other parties known to Plaintiffs at this time who should be joined in this action.

## CERTIFICATION PURSUANT TO N.J.S.A. 56:8-1 et seq.

The undersigned hereby certify that a copy of this complaint has been forwarded to the Attorney General of the State of New Jersey.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Stephen P. DeNittis is designated as trial counsel.

Dated:  January 23, 2020

DeNITTIS OSEFCHEN PRINCE, P.C.

BY: _____

STEPHEN P. DENITTIS, ESQ. (SD-0016)
JOSEPH A. OSEFCHEN, ESQ. (JO-5472)
SHANE T. PRINCE, ESQ. (SP-0947)
525 Route 73 North, Suite 410
Marlton, NJ 08053
T:  856-797-9951
F:  856-797-9978
sdenittis@denittislaw.com
josefchen@denittislaw.com
sprince@denittislaw.com

*Attorneys for Plaintiffs Mark and Amanda Leone and the Proposed Class*

# Attachment A



**SOUTH JERSEY GAS**

SERVICE FOR MARK LEONE

September 25, 2018
Account Number:

**Report gas leak:** 800-582-7060
Customer Contact Center: 888-766-9900
www.southjerseygas.com

### BILLING SUMMARY FOR AUGUST 24, 2018 TO SEPTEMBER 25, 2018

| | |
|---|---|
| Previous Balance | $65.26 |
| Payment Received on September 7, 2018 | -$65.26 |
| Current Charges | $70.55 |
| Gas Charges | $50.57 |
| Plan(s) from HomeServe | $19.98 |
| Amount Due By October 12, 2018 | $70.55 |

Next meter reading is scheduled for October 24, 2018

⭐ Thank you for your payment.

**Additional Account Holders**
AMANDA LEONE

### USAGE DETAIL

| Meter | Start Date | End Date | End Reading | – | Start Reading | = | Read Difference | x | Multiplier | = | Gas Used CCF | x | Therm Factor | = | Energy Used (Therms) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 08-24-18 | 09-25-18 | 11,140 | | 11,109 | | 31 | | 1 | | 31.00 | | 1.0330 | | 32.02 |

*All readings are actual unless otherwise noted with an asterisk(*).*

### USAGE COSTS

| | | |
|---|---|---|
| Customer Charge | | $11.38 |
| Delivery Charge | 32.02 Therms x $0.883533 | $28.30 |
| Total Usage Costs | | $39.68 |

Service Agreement:

*Your rate schedule: Residential Service Heat(RSG)*

### GAS CHARGES (BGSS)

| | | |
|---|---|---|
| BGSS | 32.02 Therms x $0.340013 | $10.89 |
| Total Gas Charges | | $10.89 |

*Price to compare: $0.340013*

---



**SOUTH JERSEY GAS**

Enclose this section with your payment.
Please do not staple or clip.

☐ Check for name, address, phone, email corrections; complete on reverse side.

Account Number: 

| Amount Due | $70.55 |
|---|---|
| **Due Date** | October 12, 2018 |

LEONE MARK/AMANDA

PO BOX 6091
BELLMAWR, NJ 08099-6091

## NEED HELP?

Report a gas leak (24/7)................................................800-582-7060
Customer Contact Center..........................................888-766-9900
(M-F, 7 a.m.- 8 p.m.; Sat. 9 a.m.-2 p.m.)
E-Mail..............................................contactus@sjindustries.com
Make a payment...............................................866-466-1411
Ask about our energy efficiency incentive program..855-678-5860

## LEARN MORE ONLINE

Visit www.southjerseygas.com to manage your account and learn more.

## HELPFUL DEFINITIONS

**Average temperature** - daily temperature during the specified period.

**CCF** - 100 cubic feet of gas, the measurement of your gas used by volume.

**CF (Cubic Foot)** - unit of measure for natural gas.

**Customer Charge** - monthly charge that covers fixed costs of providing you with natural gas service.

**Delivery Charge** - cost of moving natural gas through our pipelines to the meter at the service address. The Delivery Charge is made up of the following combined tariff rates: Base Rate, Transportation Initiation Clause, Clean Energy Program, Remediation Adjustment Clause, Universal Service Fund, Conservation Incentive Program, Energy Efficiency Tracker and Balancing Service Clause, which when rounded and combined for billing purposes, may yield a slight variation from the Delivery Charge reflected on a customer bill.

**Estimated Reading** - occurs when an actual reading of your meter cannot be obtained and is calculated based on weather conditions and past consumption. In your usage details, estimated readings are noted with an asterisk (*).

**Gas Charge (BGSS)** - cost for energy used (calculated by multiplying the total therms used by the price per therm).

**Heating Degree Days** are a measure of coldness for a specified period based on the difference between 65° F and the average daily temperature.

**Marketer Charges (Third Party Suppliers)** - appear instead of Gas Charge (BGSS) if you have selected a gas supplier other than South Jersey Gas. You agreed to pay these charges with your energy marketer when you switched suppliers. If you feel you have been switched without your knowledge please contact us.

**Therm** - unit of heat measurement used to calculate your charges. It is the equivalent to 100,000 British thermal units (Btu).

**Therm Factor** - number used to convert cubic feet into therms and the unit heat measurement used to calculate your charges.

## RESIDENTIAL CUSTOMER RIGHTS

• If you can't pay your bill on time, dial our Customer Contact Center to request a deferred payment arrangement.

• If you wish to dispute a charge, contact our Customer Contact Center before the due date on the bill. You may also contact the Board of Public Utilities (BPU) at 800-624-0241 or 609-341-9188 to request assistance with a disputed charge or request a formal hearing (you may be represented by counsel or a third party at a formal hearing). If you report a disputed charge to the BPU within five (5) days of receiving it, we cannot shut off your service while the dispute is under investigation, as long as you pay all undisputed charges.

• If you are age 65 or older, at your request, we will call you before taking action on a past due bill.

• You may designate a third party to receive a copy of any shut-off notice, but the third party is not responsible for paying the bill.

• To learn more visit our website at:
www.southjerseygas.com/Manage-MyAccount/Customer-Bill-of-Rights.aspx.

For changes or corrections, complete below:

Name

Address


Phone number

E-mail



Page 3 of 3

## USAGE HISTORY - COMPARISON

| Month | Energy used (therms) | Days in Period | Average Temperature |
|---|---|---|---|
| September 2017 | 30.10 | 30 | 68.12° |
| September 2018 | 32.02 | 32 | 71.81° |



ANNUAL COMPARISON

⊘ *Automated Payments available. Save a stamp, time and money. Enroll in Automated Payments from your checking or savings account. Sign up at southjerseygas.com/payment.*

⊘ *Paperless Billing available. Enroll in Paperless Billing for the fastest way to receive your bill and pay online. Learn more at southjerseygas.com/payment.*

## PLAN(S) FROM HOMESERVE

| | |
|---|---|
| Plan(s) from HomeServe September 24, 2018 | $19.98 |
| Total Plan(s) from HomeServe | $19.98 |

*For questions regarding your plan(s) from HomeServe, please contact: 1-855-753-7526.*

## NEWS FROM SOUTH JERSEY GAS

⊘ **Energy Efficiency**
Get $500 cash back or 0% financing for energy equipment upgrades. Visit southjerseygas.com/incentives to learn more.

Ⓢ **Financial Assistance**
Do you or someone you know need help with paying utility bills? Financial Assistance is available. To learn more, visit southjerseygas.com/financialassistance

⚡ **Severe Storm Safety**
When severe weather hits, the best way to keep safe is to be prepared. For tips on how to weather any storm, visit southjerseygas.com/stormsafety

# Attachment B

 **South Jersey Gas**

**SERVICE FOR MARK LEONE** 

March 26, 2018
Account Number:
**Report gas leak:** 800-582-7060
**Customer Contact Center:** 888-766-9900
www.southjerseygas.com

## BILLING SUMMARY FOR FEBRUARY 22, 2018 TO MARCH 26, 2018

| | |
|---|---|
| Previous Balance | $262.23 |
| Payment Received on March 5, 2018 | -$262.23 |
| Current Charges | $275.92 |
| Gas Charges | $256.80 |
| Plan(s) from HomeServe | $19.12 |
| Amount Due By April 12, 2018 | $275.92 |

Next meter reading is scheduled for April 24, 2018

⭐ Thank you for your payment.

**Additional Account Holders**
AMANDA LEONE

## USAGE DETAIL

| Meter | Start Date | End Date | End Reading | - Start Reading | = Read Difference | x Multiplier | = Gas Used CCF | x Therm Factor | = Energy Used (Therms) |
|---|---|---|---|---|---|---|---|---|---|
| | 02-22-18 | 03-26-18 | 10,882 | 10,700 | 182 | 1 | 182.00 | 1.0400 | 189.28 |

*All readings are actual unless otherwise noted with an asterisk(*).*

## USAGE COSTS

| | | |
|---|---|---|
| Customer Charge | | $11.38 |
| Delivery Charge | 189.28 Therms x $0.956588 | $181.06 |
| Total Usage Costs | | $192.44 |

Service Agreement:

Your rate schedule: Residential Service Heat(RSG)

## GAS CHARGES (BGSS)

| | | |
|---|---|---|
| BGSS | 189.28 Therms x $0.340013 | $64.36 |
| Total Gas Charges | | $64.36 |

Price to compare: $0.340013

---

**South Jersey Gas**

Enclose this section with your payment. Please do not staple or clip.

☐ Check for name, address, phone, email corrections; complete on reverse side.

Account Number:

| | |
|---|---|
| Amount Due | $275.92 |
| Due Date | April 12, 2018 |

LEONE MARK/AMANDA

PO BOX 6091
BELLMAWR, NJ 08099-6091

## NEED HELP?

Report a gas leak (24/7)..............................................800-582-7060
Customer Contact Center.........................................888-766-9900
(M-F, 7 a.m.- 8 p.m.; Sat. 9 a.m.-2 p.m.)
E-Mail..............................................contactus@sjindustries.com
Make a payment.......................................................866-466-1411
Ask about our energy efficiency incentive program..855-678-5860

## LEARN MORE ONLINE

Visit www.southjerseygas.com to manage your account and learn more.

## HELPFUL DEFINITIONS

**Average temperature** - daily temperature during the specified period.
**CCF** - 100 cubic feet of gas, the measurement of your gas used by volume.
**CF (Cubic Foot)** - unit of measure for natural gas.
**Customer Charge** - monthly charge that covers fixed costs of providing you with natural gas service.
**Delivery Charge** - cost of moving natural gas through our pipelines to the meter at the service address. The Delivery Charge is made up of the following combined tariff rates: Base Rate, Transportation Initiation Clause, Clean Energy Program, Remediation Adjustment Clause, Universal Service Fund, Conservation Incentive Program, Energy Efficiency Tracker and Balancing Service Clause, which when rounded and combined for billing purposes, may yield a slight variation from the Delivery Charge reflected on a customer bill.
**Estimated Reading** - occurs when an actual reading of your meter cannot be obtained and is calculated based on weather conditions and past consumption. In your usage details, estimated readings are noted with an asterisk (*).

**Gas Charge (BGSS)** - cost for energy used (calculated by multiplying the total therms used by the price per therm).
**Heating Degree Days** are a measure of coldness for a specified period based on the difference between 65° F and the average daily temperature.
**Marketer Charges (Third Party Suppliers)** - appear instead of Gas Charge (BGSS) if you have selected a gas supplier other than South Jersey Gas. You agreed to pay these charges with your energy marketer when you switched suppliers. If you feel you have been switched without your knowledge please contact us.
**Therm** - unit of heat measurement used to calculate your charges. It is the equivalent to 100,000 British thermal units (Btu).
**Therm Factor** - number used to convert cubic feet into therms and the unit heat measurement used to calculate your charges.

## RESIDENTIAL CUSTOMER RIGHTS

• If you can't pay your bill on time, dial our Customer Contact Center to request a deferred payment arrangement.
• If you wish to dispute a charge, contact our Customer Contact Center before the due date on the bill. You may also contact the Board of Public Utilities (BPU) at 800-624-0241 or 609-341-9188 to request assistance with a disputed charge or request a formal hearing (you may be represented by counsel or a third party at a formal hearing). If you report a disputed charge to the BPU within five (5) days of receiving it, we cannot shut off your service while the dispute is under investigation, as long as you pay all undisputed charges.
• If you are age 65 or older, at your request, we will call you before taking action on a past due bill.
• You may designate a third party to receive a copy of any shut-off notice, but the third party is not responsible for paying the bill.
• To learn more visit our website at: www.southjerseygas.com/Manage-MyAccount/Customer-Bill-of-Rights.aspx.

For changes or corrections, complete below:

Name

Address

Phone number

E-mail

 South Jersey Gas

Page 3 of 3

### USAGE HISTORY - COMPARISON

| Month | Energy used (therms) | Days in Period | Average Temperature |
|---|---|---|---|
| March 2017 | 164.64 | 30 | 42.57° |
| March 2018 | 189.28 | 32 | 38.86° |



Automated Payments available. Save a stamp, time and money. Enroll in Automated Payments from your checking or savings account. Sign up at southjerseygas.com/payment.

Paperless Billing available. Enroll in Paperless Billing for the fastest way to receive your bill and pay online. Learn more at southjerseygas.com/payment.

### PLAN(S) FROM HOMESERVE

| Plan(s) from HomeServe March 23, 2018 | $19.12 |
|---|---|
| Total Plan(s) from HomeServe | $19.12 |

For questions regarding your plan(s) from HomeServe, please contact: 1-855-753-7526.

### NEWS FROM SOUTH JERSEY GAS

**First Responders Grant Program Winners Announced**
South Jersey Gas recently announced the winners of it's annual First Responders Grant Program. This year, a total of eight grants totaling $21,500 were awarded to local first responder departments. Through the First Responders Grant Program, South Jersey Gas provides critical support to help operations, improve safety measures and/or provide training at local first responder departments.

**New Jersey Sales and Use Tax Changed for 2018**
This bill reflects a decrease in the New Jersey Sales and Use Tax from 6.875 % to 6.625% effective on and after January 1, 2018.

**Walk In Centers to Close on March 30th**
South Jersey Gas Walk In Centers will close on Friday March 30th in observance of Good Friday.

**811-CALL BEFORE YOU DIG!**
Before you dig anywhere on your property, call 811. It's free and it's the law. NJ law requires that a professional line locator mark the location of your utility lines before even small do-it-yourself projects like planting trees and shrubs. Call 811 before you dig to avoid accidents, fines, or needless expenses. Learn more at www.southjerseygas.com/Safety-Education/Safe-Digging-Call-811.aspx.