IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK AND AMANDA LEONE,** *on behalf of themselves and all others similarly situated* <br> Plaintiffs, <br> v. <br> **HOMESERVE USA CORP.,** *et al.* <br> Defendants. | : <br> : <br> : <br> :    Civ. No. 19-20505 <br> : <br> : |

## ORDER

Defendants removed this matter to federal court pursuant to the Class Action Fairness Act of 2005, which gives federal courts original jurisdiction over class actions when minimal diversity exists and there are more than 100 class members and more than $5,000,000 is at issue. (Doc. No. 1.) Plaintiffs now move to remand. (Doc. No. 46.) I will grant their Motion.

### I.  FACTUAL BACKGROUND

"Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). I will thus consider only Plaintiffs' original Complaint (Doc. No. 1-1), and not the Amended Complaint filed after removal. Defendants HomeServe USA Corp., HomeServe USA Repair Management Corp., and HomeServe USA Energy Services, LLC are all out-of-state corporations. (Doc. Nos. 1-1, 1-2.) Defendant South Jersey Gas is a New Jersey regulated public utility, which distributes natural gas. (Doc. No. 1.) Plaintiffs (and all putative class members) are New Jersey citizens. (Doc. No. 1-1.) As alleged, HomeServe and its subsidiaries provide home maintenance services for appliances, HVAC systems, and plumbing. (Compl. at ¶ 16, Doc. No. 1-1.) Customers enter into a written "Protection Plan" with HomeServe, which entitles them to repair services, subject to certain terms and conditions, in exchange for a monthly fee. (Id. at ¶ 23.)

SJG is both a utility and a HomeServe billing representative.  (Id. at ¶ 17.)  HomeServe directly controls which SJG customers receive a HomeServe bill.  (Id. at ¶ 25; see also Declaration of Tania Wang at ¶ 2, Doc. No. 50-3.)  SJG bills customers identified by HomeServe for "Plan(s) from HomeServe."  (Id.)  This bill appears as a line-item monthly expense on the customer's SJG utility bill.  (See Compl. at ¶ 25; Id. at Attachment B.)  Plaintiffs allege that HomeServe improperly identified customers for billing who had not agreed to a HomeServe Plan.  (Id. at ¶ 32.)  Plaintiffs further allege that SJG was actually aware—or at least willfully ignorant—of this practice, and did nothing to correct the billing errors.  (Id. at ¶¶ 35–40.)  Plaintiffs also allege that SJG did not distinguish between each customer's utility bill and the HomeServe bill, creating a misleading impression that failure to pay HomeServe could result in termination of utility services.  (Id. at ¶¶ 27–28.)  SJG received a portion of the fees it collected on behalf of HomeServe. (Id. at ¶ 26.)

Plaintiffs seek declaratory and injunctive relief under the New Jersey Declaratory Judgment Act prohibiting SJG from including HomeServe Plan charges on its utility bills.  (Id. at ¶¶ 95–100); N.J.S.A. 2A:16-51 et seq.  They also seek damages against all Defendants pursuant to: (1) the New Jersey Consumer Fraud Act; (2) the New Jersey Truth in Consumer Contract, Warranty, and Notice Act; and (3) common law unjust enrichment. (Id. at ¶¶ 101–120 (paragraphs are mislabeled in original)); NJ.S.A. § 56:8-1, et seq.; N.J.S.A. 8 56:12-14, et seq.  Plaintiffs also seek damages for breach of the common law covenant of good faith and fair dealing against SJG only.  (Id. at ¶¶ 121–126 (paragraphs are mislabeled in original).)  Plaintiffs do not assert any federal causes of action.

## II.     PROCEDURAL HISTORY

On October 21, 2019, Plaintiffs initiated this class action in New Jersey Superior Court against HomeServe USA Corp., HomeServe USA Repair Management Corp., HomeServe USA

Energy Services, LLC, and SJG.  (Compl.)  On November 19, 2019, Defendants removed to the District of New Jersey, pursuant to the Class Action Fairness Act of 2005. (Doc. No. 1); 28 U.S.C. § 1332(d).  Plaintiffs promptly moved to remand.  (Doc. No. 11.)  Judge Bumb, to whom the case was then assigned, "administratively terminated" the Motion without prejudice because Plaintiffs failed to file a letter request for a pre-motion conference before filing the Motion, as Judge Bumb requires.  (Doc. No. 14.)  Defendants thus never responded to the Motion, and there was no further briefing.  After Plaintiffs properly submitted a request, the Parties held a pre-motion telephone conference with Judge Bumb.  (See Doc. Nos. 18, 23.)  Although all Parties indicate they discussed the Motion to Remand during this call, the on-the-record notation of the meeting indicates only that during the conference Judge Bumb gave Plaintiffs leave to amend their Complaint.  (Doc. No. 23.)

Plaintiffs filed an Amended Complaint on January 23, 2020.  (Doc. No. 24.)  Judge Bumb then held a second pre-motion telephone conference concerning the Motion to Remand.  (Doc. No. 35.)  The Parties vehemently dispute the substance of this call.  Defendants argue that it should effectively preclude Plaintiffs' instant Motion; Plaintiffs characterize it as a purely "procedural" discussion.  (See Doc. Nos. 50, 51, 52.)  In any event, there was no further ruling on the Motion to Remand (either granting or denying Plaintiffs' permission to file), and Judge Bumb subsequently issued a Scheduling Order and the Parties began discovery.  (Doc. No. 42.)

On May 15, 2020, this matter was reassigned to me.  (Doc. No. 43.)  I issued a Revised Scheduling Order, directing the Parties to proceed with discovery only as to class certification. (Doc. No. 45.)  Plaintiffs again promptly filed a Motion to Remand.  (Doc. No. 46.)  This matter has been fully briefed.  (Doc. Nos. 46, 50, 51, 52.)  I will grant Plaintiffs' Motion.

    **III.**    **LEGAL STANDARD**

Under CAFA, federal district courts have original jurisdiction over any class action where: (1) more than $5,000,000 is at issue, (2) the parties are minimally diverse, meaning at least one plaintiff is diverse from at least one defendant, and (3) there are at least 100 class members. 28 U.S.C. § 1332(d)(2). Under the "local controversy exception," however, "[a] district court shall decline to exercise jurisdiction" over any class action in which:

> **(I)** Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> **(II)** at least 1 defendant is a defendant—
> > **(aa)** from whom significant relief is sought by members of the plaintiff class;
> > **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > **(cc)** who is a citizen of the State in which the action was originally filed; and
>
> **(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and [no related class action has been filed in the last three years].

28 U.S.C. § 1332(d)(4). Defendants must first show that the parties are minimally diverse, at least $5,000,000 is at issue, and there are at least 100 class members. Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 153 (3d Cir. 2009). Plaintiffs then must show that the Local Controversy Exception applies. Id.

## IV. DISCUSSION

Because Defendants have not shown that more than $5,000,000 is at issue, and because the Local Controversy Exception applies, I will grant Plaintiffs' Motion.

### A. Timeliness

Although none of the Parties discusses it, I must first consider whether Plaintiff's Motion is in-part time-barred. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Plaintiffs raise both a jurisdictional and a nonjurisdictional challenge to

removal: The amount in controversy is a necessary element of subject matter jurisdiction. 28 U.S.C. § 1332(d)(2). The local controversy exception, however, directs that the court must decline to exercise that jurisdiction if certain conditions are met; it is not itself jurisdictional. 28 U.S.C. § 1332(d)(4).

I nonetheless have wide discretion to extend the deadlines for consideration of a particular issue if justice so requires. Fed. R. Civ. P. 6(1)(B); In re Cendant Corp. Prides Litig., 233 F.3d 188, 195 (3d Cir. 2000) (Extensions to the filing deadlines pursuant to Rule 6(1)(B) are "well within the District Court's discretion.") There is ample reason to do so here. Plaintiffs first timely filed their Motion in January, and have diligently pressed the remand question through pre-motion letters and conferences. (See Doc. Nos. 11, 18, 23, 35, 46.) There is no indication that Plaintiffs' delay was the result of neglect or bad faith. Plaintiffs promptly filed their Motion when this matter was reassigned to me. (Doc. No. 46.) Permitting them to seek remand does not prejudice Defendants, as they have already briefed this issue, and this litigation is at a very early stage. Defendants also do not challenge the timeliness of Plaintiffs' Motion. I will thus deem Plaintiffs' Motion timely.

**B. The Law of the Case**

Defendants argue that Judge Bumb has already, in effect, denied Plaintiffs' prior Motion in the two off-the-record pre-motion telephone conferences. (Doc. Nos. 50, 51.) Defense Counsel recalls that Judge Bumb was skeptical that the Motion would be successful, and encouraged the Parties instead to proceed to discovery. (Id.) Plaintiffs counter that Judge Bumb never made any determination on the merits of their Motion. (Doc. No. 52.)

I will not resolve a dispute over Counsel's recollections. Nor will I ascribe issue preclusive effect to Counsel's recollections of Judge Bumb's off-the-record remarks about the likely success

of the Motion.  (Cf. Doc. Nos. 18, 35.)  Because there has been no prior ruling on Plaintiffs' Motion, there is thus no "law of the case" that would preclude me from deciding the Motion.  In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998) ("Law of the case doctrine… acts to preclude review of only those legal issues that the court in a prior [court] actually decided, either expressly or by implication; it does not apply to dicta.")  Finally, the law of the case doctrine does not preclude my review of the jurisdictional aspects of Plaintiffs' Motion.  See Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997) (federal courts have an ongoing obligation to review their own jurisdiction.)

### C. Amount in Controversy

Because Plaintiffs have pled that "less than $5,000,000" is at issue, they argue that the CAFA "amount in controversy" requirement is not met.  (Compl. at ¶ 11.)  Defendants respond that on its face, the Complaint demonstrates that the amount in controversy actually exceeds this threshold.  (Doc. No. 50, 51.)  In the alternative, they ask that I permit limited jurisdictional discovery on this issue.  (Id.)

The Party seeking removal must prove the amount in controversy "by a preponderance of the evidence."  Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 507 (3d Cir. 2014).  The potential recovery need not be certain, however; the party seeking removal need only demonstrate that it is plausible that more than $5,000,000 is at issue.  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88–89  (2014).

Defendants have not met this burden.  Although Defendants have not provided any specific figure, it appears that (accounting for statutory damages) each putative class member would receive approximately $1,920 for each year she was improperly billed, plus attorneys' fees and

6

expenses. (Doc. No. 50 (noting average cost of HomeServe Plan, statutory damages and six-year limitations period).)

The key considerations for damages are thus the number of putative class members and the average length of the HomeServe contract. Defendants argue only that I should assume all 50,000 current South Jersey HomeServe customers are putative class members. (Doc. Nos. 50, 51.) Yet, the original Complaint defines the relevant class as:

> All New Jersey citizens who paid a South Jersey Gas bill since October 3, 2019 which listed a charge for "Plan(s) from HomeServe" **where Defendants cannot produce a written agreement executed by that person relating to the purchase of any HomeServe plan.** (emphasis added).

(Compl. at ¶ 75.) Had Plaintiffs meant to allege that HomeServe's *entire* South Jersey operation consisted of fraudulently billing utility customers, they would have so stated.

Moreover, Defendants have not provided me with information that would permit me to determine the probable class size and approximate damages, such as the estimated number of customers without written contracts on file, or even the average length of a HomeServe contract. Without such information (which is in Defendant's possession and control), I can only speculate about the probable number of class members and the resulting damages.

In these circumstances, Defendants have thus not demonstrated by a preponderance of the evidence that more than $5,000,000 is at issue.

Finally, Defendants seek permission to take jurisdictional discovery should I find that the "amount in controversy" requirement is not met. "[A party] is generally entitled to jurisdictional discovery" unless such a request is frivolous or futile. Dicuio v. Brother Int'l Corp., No. CIV.A. 11-1447 FLW, 2011 WL 5557528, at *6 (D.N.J. Nov. 15, 2011) (quoting Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir.2010); LaSala v. Marfin Popular Bank Public Co., Ltd., 410 Fed.Appx. 474, 478 (3d Cir.2011)) (internal quotation marks omitted).

Because remand is also appropriate under the Local Controversy Exception, jurisdictional discovery would be futile. I will thus deny Defendants' request.

### D. The Local Controversy Exception

Defendants concede that all Plaintiffs are New Jersey citizens, that the principal injuries were incurred in New Jersey, and that no similar class action has been filed in the last three years. (Doc. Nos. 50, 51.) The only factor in dispute is thus whether SJG's conduct "forms a significant basis for the claims asserted."

The Third Circuit has admonished that "courts tasked with determining whether a defendant is a 'primary defendant' under CAFA should assume liability will be found and determine whether the defendant is the 'real target' of the plaintiffs' accusations." Vodenichar v. Halcon Energy Properties, Inc., 733 F.3d 497, 505 (3d Cir. 2013). I must "determine if the plaintiffs seek to hold the defendant responsible for its own actions, as opposed to seeking to have it pay for the actions of others." Id. There must be "at least one local defendant from whom significant relief is sought by members of the plaintiff class." Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 154 (3d Cir. 2009) (quotation marks and internal emphasis omitted).

Plaintiffs here seek significant relief from SJG, which is a local defendant. Indeed, in two counts of the Complaint Plaintiffs seek relief against SJG alone. Plaintiffs seek to enjoin SJG from including HomeServe bills on its utility bills. They also seek damages only from SJG, for breach of the covenant of good faith and fair dealing. (Compl. at ¶¶ 95–100, 121–126.) Plaintiffs could not obtain either form of relief from HomeServe. As to the injunction, only SJG has control over its own bills. (See Id. at ¶ 25; see also Declaration of Tania Wang at ¶ 2, Doc. No. 50-3.) As to the breach of the covenant of good faith, the gravamen of the claim is that Plaintiffs have a valid contract only with SJG and so could not pursue breach of contract remedies against HomeServe.

(Compl. at ¶ 32.) That two of Plaintiffs' five causes of action are directed at SJG alone (and none target HomeServe exclusively) demonstrates that SJG is a primary target of Plaintiffs' lawsuit.

Moreover, the allegations against SJG are integral to the Complaint as a whole. Plaintiffs allege that SJG willingly sought to convert money from utility customers for non-existent HomeServe services and then shared those converted monies with the HomeServe Defendants. Without these allegations against SJG, there likely would be no class acts. Absent the. Allegation that SJG "hid" the charge for non-existent services, each Plaintiff could allege at most that she received a bills   for HomeServe services in error, but nevertheless paid those bills for months or years. There could be no implied threat (as there is now) that the non-payment would result in termination of utility services. (Id. at ¶¶ 28–31.)

Plainly, SJG's conduct "forms a significant basis for the claims asserted." Indeed, it is critical to those claims. Because the Local Controversy Exception applies, I must decline to hear this matter. I will grant Plaintiffs' Motion to Remand.

**AND NOW**, this 2nd day of July, 2020, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Remand is **GRANTED**;
2. This case is **REMANDED** to the Superior Court of New Jersey, Gloucester Law Division; and
3. The Clerk of Court shall **CLOSE** this case.

                                                **AND IT IS SO ORDERED.**

                                                */s/ Paul S. Diamond*

                                                Paul S. Diamond, J.